## KIMBALL *vs.* KNIGHTS.

Where an *order to stay* is obtained by a defendant *after* receiving notice of trial, the plaintiff, if he can procure a *vacatur* of the order, is regular in taking an inquest without serving notice that the order has been revoked ; it is the duty of a defendant, under such circumstances, to watch the cause.

ORDER to stay proceedings. After notice of trial served, the defendant obtained an order to stay proceedings to enable him to move for a commission to examine witnesses. The plaintiff on the first day of the circuit obtained a *vacatur* of the order, and without giving notice of the same, on the next day took an inquest, which the defendant now moved to set aside as *irregularly* taken.

*By the Court*, BRONSON, J. A plaintiff is not bound to give notice of [658] the *vacatur* of an order under such circumstances, if notice is at all necessary. Where a defendant obtains an order at so late a day, it behooves him to look to his cause, and if he learns that the order has been revoked, to ask the circuit judge to put off the trial for want of witnesses, who may then exercise his discretion in the matter. The plaintiff was regular, and the motion would be denied, but that the defendant now satisfies me that he is entitled to a commission. This case is different from that of *Smith* v. *Bowen*, (2 *Wendell*, 245 ;) there the conduct of the *plaintiff* was oppressive ; here the defendant was in fault for not sooner obtaining his order. The inquest is set aside on payment of costs.